IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEWIS JOHNSON, JR.,<br><br>                Plaintiff,<br><br>v.<br><br>ILLINOIS STATE POLICE, and<br>EAST ST. LOUIS POLICE,<br><br>                Defendants. | Case No. 21-cv-00823-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Lewis Johnson, who is currently incarcerated at St. Clair County Jail, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff claims he was arrested by Illinois State Police Department on Monday, May 10, 2021, without an arrest warrant, held at the East St. Louis Police Department, and not arraigned until Friday, May 14, 2021. (Doc. 1). He asserts that the four day delay from arrest to arraignment constitutes a violation of his Fourth Amendment right to a prompt determination of probable cause.

    Under 28 U.S.C. § 1915A, the Court must first screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *See Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 821 (7th Cir. 2009).

### DISCUSSION

    Upon review, Johnson has failed to state a claim for relief against the listed Defendants.

Although he names individuals in the body of the Complaint, Johnson brings his claims against the Illinois Police Department and the East St. Louis Police Department. These two entities are not considered "persons" who are subject to suit under Section 1983.

Johnson's designation of these defendants may represent an attempt to hold a municipality liable for his injuries. *See Monell v. Dep't of Soc. Servs. of New York,* 436 U.S. 658, 690, 694 (1978). Municipal liability under Section 1983 arises from the execution of a government policy, custom, or widespread practice that causes a constitutional injury. *Id.* However, he points to no such policy, custom, or widespread practice.

For these reasons, the Complaint is dismissed without prejudice. Johnson will be given an opportunity to replead his claims in an amended complaint.

## MOTION FOR RECRUITMENT OF COUNSEL

Johnson has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 3). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Johnson has not provided the Court with any information regarding attempts to recruit counsel on his own or whether he has been effectively precluded from doing so. Because he has not made this showing, the Court finds that he has not made a reasonable attempt to find counsel, and the motion is denied. Should Johnson choose to move for recruitment of counsel at a later date, the Court directs him to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined

representation.

## MOTION FOR STATUS

In light of this Order, the motion for status is **DENIED as moot.** (Doc. 12).

## DISPOSITION

For the reasons stated, the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. The Clerk of Court is **DIRECTED** to **TERMINATE** the Illinois State Police and the East St. Louis State Police as defendants.

The Motion for Recruitment of Counsel is **DENIED.** (Doc. 3). The Motion for Status is **DENIED as moot.** (Doc. 12).

Johnson is **GRANTED** leave to file a "First Amended Complaint" against those defendants who were involved in his arrest and detention in May of 2021 on or before **February 28, 2022.** If he does not know their identity, Johnson may refer to individuals using a generic name (e.g., John Doe 1, John Doe 2, etc.). If he fails to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Johnson use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 21-cv-00823-SPM). To enable him to comply with this Order, the **CLERK** is **DIRECTED** to mail Johnson a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.

1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Johnson must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Johnson is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Johnson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 31, 2022**

                                            *s/ Stephen P. McGlynn*
                                            **STEPHEN P. MCGLYNN**
                                            **United States District Judge**