IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEWIS JOHNSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 21-cv-823-SPM |
| ) | |
| DANIEL MENKE, and ) | |
| C. COLEMAN, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Lewis Johnson, Jr., is currently incarcerated at the St. Clair County Jail ("SCCJ"). He brought this action pursuant to 42 U.S.C. § 1983, asserting that he was arrested without a warrant and held beyond the allowable 48-hour hold period before he was arraigned, in violation of his rights under the Fourth Amendment. (Doc. 14).

Plaintiff's original Complaint (Doc. 1) was dismissed without prejudice for failure to state a claim upon which relief may be granted because he did not name any defendants that were amenable to suit under § 1983. (Doc. 13). His First Amended Complaint (Doc. 14) is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

On June 30, 2022, Plaintiff filed a motion seeking leave to file exhibits to his First Amended Complaint. (Doc. 18). He asks the Court to consider video evidence, testimony, and an

1

audio recording (Exhibits 1-3) which were not tendered along with the motion. The motion is **DENIED** as to those materials. Plaintiff attaches Exhibit 4, his Parole Violation Report dated May 13, 2021 (Doc. 18, pp. 7-8) and discusses its contents in his motion. The motion is **GRANTED** as to Exhibit 4 only.

### THE FIRST AMENDED COMPLAINT

Plaintiff makes the following allegations in his pleading (Doc. 14): On the night of May 10, 2021, Defendant Menke (an Illinois State Police Officer) arrested Plaintiff. He was taken to the East St. Louis, Illinois, Police Department on a 48-hour hold. (Doc. 14, p. 6). On May 13, 2021, more than 48 hours had elapsed, but Plaintiff was not released. Instead, he was transferred to the St. Clair County Jail for processing on a parole violation hold. (Doc. 14, pp. 6, 10). However, he did not remain there because the SCCJ was not housing parole violators since the Illinois Department of Corrections was not promptly taking them into the state prison system. (Doc. 14, pp. 6, 10).

Plaintiff was returned to the East St. Louis Police Department but was not released despite the expiration of his 48-hour hold. Defendant Coleman (East St. Louis Police Officer) made a speakerphone call to an official at the Illinois State Police ("ISP"), which Plaintiff overheard. Coleman informed the ISP that he had no reason to hold Plaintiff and would be releasing him. (Doc. 14, p. 10). The ISP official asked Coleman to hold Plaintiff "a little while longer" so Menke could obtain another arrest warrant. (Doc. 14, pp. 6, 10). Coleman asked the ISP official, "so you all are going to violate his" and stopped in mid-sentence upon realizing Plaintiff was hearing the conversation. (Doc. 14, pp. 6-7). Plaintiff spoke up and finished the sentence with, "violate my constitutional rights." *Id.* Coleman then told the ISP official that he would continue to hold Plaintiff for the ISP.

Plaintiff asserts that these events violated *Gerstein v. Pugh*, 420 U.S. 103 (1975), because he did not receive a "prompt" judicial determination of probable cause after being arrested without a warrant. (Doc. 14, p. 9). He states that "warrant information" was filed on May 13, 2021, and "issued to Sergeant Menke" but was not filed with the St. Clair County Clerk until the effective date of May 17, 2021. *Id.* Plaintiff was held at the East St. Louis Police Department until May 14, 2021, when he was booked into the SCCJ and arraigned later that day.[1] *Id.* He claims he was held for over 100 hours[2] from his arrest until his arraignment.

Plaintiff's Parole Violation Report (Doc. 18, pp. 7-8) reflects that he was arrested on May 10, 2021, as a result of a traffic stop. A weapon was found in his vehicle and drugs were found on his person. An IDOC warrant was issued on May 12, 2021. (Doc. 18, p. 7). He was interviewed on May 13, 2021, and admitted to shooting two individuals, whereupon he was charged with aggravated battery with a firearm in Case No. 21-CF-0076901. The criminal charge and possession of a handgun violated his Mandatory Supervised Release ("MSR") conditions.

Plaintiff takes issue with several of the statements in the Parole Violation Report. He disputes that a "Public Safety Enforcement Group" made a traffic stop, and states that Defendant Menke had been investigating an April 18, 2021, shooting in which he was a suspect. Plaintiff pulled into a parking lot and Menke pulled in behind him; he did not issue Plaintiff a traffic ticket, nor did he have Plaintiff's car towed. (Doc. 18, pp. 2-3). Plaintiff further states that the interview referenced in the report took place on May 10, 2021, not May 13, and that he was not charged with aggravated battery at the conclusion of the interview but was instead placed on a 48-hour hold. He was not charged or arraigned until May 14, 2021, in violation of the requirement for a prompt

---

[1] The Court takes judicial notice of the fact that May 10, 2021 was a Monday and May 14, 2021 was a Friday.
[2] The time that elapsed between Plaintiff's arrest on the night of May 10, 2021, and his arraignment four days later on May 14, 2021, would be 96 hours or less, depending on the times of his arrest and arraignment.

3

probable cause determination. (Doc. 18, pp. 4-5).

As relief, Plaintiff seeks monetary damages for each day that he has been incarcerated. (Doc. 14, p. 8).

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

> Count 1:   Defendants violated Plaintiff's Fourth Amendment right to a prompt probable cause determination, where he was arrested on Monday, May 10, 2021, but was held in custody and not arraigned until May 14, 2021, more than 48 hours later.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[3]

## Count 1

Plaintiff appears to equate the right to a judicial determination of probable cause to detain him within 48 hours of his arrest (citing *Gerstein v. Pugh*, 420 U.S. 103 (1975)) with the right to obtain a bail determination at an arraignment within the same time period. While it is possible for these two important judicial determinations to take place simultaneously, they are distinct matters, as the Seventh Circuit recently explained. *Mitchell v. Doherty*, __ F.4th __, No. 21-1764, 2022 WL 2235461 (7th Cir. June 22, 2022). *Gerstein* and later case law set forth the general rule that the Fourth Amendment requires a judicial determination of probable cause for an arrest within 48 hours. *See County of Riverside v. McLaughlin*, 500 U.S. 44 (1991); *Mitchell*, 2022 WL 2235461

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

at *2. Notably, neither the Supreme Court nor the Seventh Circuit has ever stated that a bail hearing must be held within 48 hours after an arrest. *Mitchell*, 2022 WL 2235461 at *2-4 (collecting cases).

In *Mitchell*, a judge conducted an *ex parte* probable cause determination for the arrested plaintiffs, which comported with the rule in *Gerstein*. The case then focused on the required timing of a bail hearing. In a case of first impression, the *Mitchell* court affirmed the dismissal of the plaintiffs' claims that the failure to hold a bail hearing within 48 hours of their arrest violated the Fourth Amendment. The Circuit further concluded that a bail hearing that was held within 68 hours of the plaintiffs' arrest was constitutional, but did not address whether a longer detention without a bail hearing would violate the Constitution. *Mitchell*, 2022 WL 2235461 at *10.

In Plaintiff's case, the Complaint and accompanying documents do not indicate whether a judge determined that Plaintiff's arrest was supported by probable cause within the 48 hours following his arrest, which may have occurred outside Plaintiff's presence. If a probable cause determination was made in that time frame, then Plaintiff has no claim for a Fourth Amendment violation as he articulates it.

The timing of Plaintiff's arraignment/bail hearing on May 14, 2021 went beyond the 68 hours the *Mitchell* court found acceptable, but the facts of Plaintiff's case differ from that matter in that a parole violation warrant was issued for Plaintiff (a parolee) by the IDOC on May 12, 2021, which provided distinct grounds to retain him in custody.

At this juncture, in light of *Mitchell* and the fact that Plaintiff's right to remain free from custody was curtailed by the terms of his MSR/parole, the Court is not convinced that the First Amended Complaint states a constitutional claim upon which relief may be granted.

Moreover, it is significant that Plaintiff's criminal charges in St. Clair County for

aggravated battery with a firearm are still pending.[4] Under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court must not take jurisdiction over a federal constitutional claim that might interfere with ongoing state court proceedings. *See SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). In *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013), the Seventh Circuit explained that a plaintiff's claims for damages arising from an allegedly illegal search, seizure, and/or detention could not be raised in federal court while the criminal case in which those claims arose was still ongoing. Each of those constitutional issues could be litigated during the course of the criminal prosecution. If the federal court were to take jurisdiction over the claimed constitutional violations, the federal litigation could undermine the ongoing state court proceeding. *Gakuba*, 711 F.3d at 753 (citing *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995); *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (*en banc*); *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (7th Cir. 1998)). A federal district court faced with such a situation should stay the plaintiff's civil rights claims for money damages, rather than dismiss them. This is because the claims might otherwise become time-barred by the time the state criminal case was concluded.

In accordance with *Younger*, this case will be stayed pending the conclusion of Plaintiff's state criminal prosecution, including any appellate review of that matter in the state courts.

**PENDING MOTIONS**

Plaintiff has requested the Court to recruit counsel on his behalf. (Doc. 15). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test:

---

[4] See St. Clair County criminal records search, *People v. Lewis Johnson, Jr.*, Case No. 21-CF-76901, https://www.co.st-clair.il.us/Departments/Circuit-Clerk/Courts/Criminal-Records/moduleId/1250/caseMasterRRN/ruoqm2Ix7gqx5d4ZjzoQqw/controller/CaseDetails/action/CaseDetails (last visited July 11, 2022).

"(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff states that he has written several attorneys seeking representation and received only one response, declining to accept his case. (Doc. 15, pp. 1, 3-4). The Court is satisfied that Plaintiff has made a reasonable attempt to obtain counsel. As to the second factor, Plaintiff's education is limited to the junior high level. (Doc. 15, p. 2). However, further analysis is not necessary at this time in light of the Court's decision to stay this case. Appointment of counsel is not warranted while the case remains stayed. Accordingly, the motion for recruitment of counsel (Doc. 15) is **DENIED** without prejudice.

Plaintiff's motion for leave to file exhibits to his First Amended Complaint (Doc. 18) is **DENIED IN PART** as to Exhibits 1-3. The motion is **GRANTED IN PART** as to the attached Exhibit 4 only.

### DISPOSITION

**IT IS HEREBY ORDERED** that this case is **STAYED** pursuant to *Younger v. Harris* pending the conclusion of Plaintiff's state criminal proceeding in St. Clair County Case No. 2021-CF-76901. Plaintiff is **ORDERED** to submit a written status report on or before **January 11, 2023**, to inform the Court of the status of that pending case. If judgment is entered in that case prior to the above date, Plaintiff shall submit his status report within 14 days of the entry of judgment and shall attach a copy of the judgment and mittimus (if any).

The Court will not complete the required merits review or serve notice of this action on the Defendants until the stay is lifted.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 11, 2022**

*s/  Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**
