IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEWIS JOHNSON, JR., #B83502,   ) | |
| ) | |
| **Plaintiff,**   ) | |
| vs.   ) | Case No. 21-cv-823-SPM |
| ) | |
| DANIEL MENKE, and   ) | |
| C. COLEMAN,   ) | |
| ) | |
| **Defendants.**   ) | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Lewis Johnson, Jr., brought this *pro se* action pursuant to 42 U.S.C. § 1983 on July 19, 2021, while he was incarcerated at the St. Clair County Jail (Doc. 1). He asserts that he was arrested without a warrant and held beyond the allowable 48-hour hold period before he was arraigned, in violation of his rights under the Fourth Amendment, and seeks money damages. (Doc. 14).

Plaintiff's original Complaint was dismissed without prejudice for failure to state a claim upon which relief may be granted because he did not name any defendants that were amenable to suit under § 1983 (Doc. 13). Plaintiff then timely filed his First Amended Complaint (Doc. 14). The Court examined that amended pleading and determined that because Plaintiff's state criminal prosecution was still ongoing, this case must be stayed pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), because adjudication of his federal civil rights claim could interfere with the pending state court proceedings. (Doc. 19). Plaintiff's criminal case was brought in the Circuit Court of St. Clair County, Case No. 2021-CF-76901 (Doc. 18, p. 7). This Court deferred the required merits review of the First Amended Complaint until such time as the stay was lifted (Doc. 19, p. 7).

1

While this case remained stayed, Plaintiff filed periodic reports to inform the Court on the status of the pending state case. (Docs. 20, 21, 23, 25, 29). The Court continued the stay after these status reports (Docs. 22, 24, 26, 30). On July 24, 2023, Plaintiff filed a Motion for Recruitment of Counsel, and reported that his state case was concluded on July 17, 2023, when he was sentenced to 9 years in prison (to be served at 85% of that term), imposed concurrently with a 10-year federal sentence[1] (Doc. 31, p. 2). Subsequently, Plaintiff notified the Clerk of Court that he had been moved from the county jail to Graham Correctional Center (Doc. 34).

The Court has consulted the St. Clair County Circuit Clerk's website, which confirms that Plaintiff entered a guilty plea on July 17, 2023 to aggravated battery with a firearm and was sentenced to 9 years in the Department of Corrections in *People v. Lewis Johnson, Jr.*, Case No. 21-CF-0076901. *See* Https://www.co.st-clair.il.us/departments/circuit-clerk/courts/criminal-records (last visited September 12, 2023).[2] The St. Clair County records reflect that Plaintiff has not filed any post-sentencing motion or appeal; the July 17, 2023 sentencing entry is the last record in the case. Because more than 30 days have now elapsed since the entry of judgment on Plaintiff's plea of guilty and Plaintiff has not filed a motion to challenge his sentence or plea, the Court concludes that Plaintiff's state criminal conviction is now final. *See* Ill. Sup. Ct. Rule 604(d).

Accordingly, the stay of this case imposed on July 11, 2022 (Doc. 19) is now **LIFTED** and the Court will review the merits of the First Amended Complaint (Doc. 14). 28 U.S.C. § 1915A requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim

---

[1] Plaintiff's motion stated that he attached a copy of the state court mittimus, but that document was not included (Doc. 31).
[2] Court documents, including electronic docket information, are public records of which the Court can take judicial notice. *See Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017) (state court proceedings are a proper subject of judicial notice).

for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE FIRST AMENDED COMPLAINT

Plaintiff makes the following allegations in his pleading (Doc. 14): On the night of May 10, 2021, Defendant Menke (an Illinois State Police Officer) arrested Plaintiff. He was taken to the East St. Louis, Illinois, Police Department on a 48-hour hold. (Doc. 14, p. 6). However, Plaintiff was not released after the 48 hours elapsed. Instead, he was transferred to the St. Clair County Jail ("SCCJ") on May 13, 2021, for processing on a parole violation hold. (Doc. 14, pp. 6, 10). The SCCJ was not housing parole violators, so they sent Plaintiff back to the East St. Louis Police Department after processing.

The East St. Louis officers kept Plaintiff in custody. Defendant Coleman (East St. Louis Police Officer) made a speakerphone call to an official at the Illinois State Police ("ISP"), which Plaintiff overheard. Coleman informed the ISP that he had no reason to hold Plaintiff and would be releasing him. (Doc. 14, p. 10). The ISP official asked Coleman to hold Plaintiff "a little while longer" so Menke could obtain another arrest warrant. (Doc. 14, pp. 6, 10). Coleman asked the ISP official, "so you all are going to violate his" and stopped in mid-sentence upon realizing Plaintiff was hearing the conversation. (Doc. 14, pp. 6-7). Plaintiff spoke up and finished the sentence with, "violate my constitutional rights." *Id.* Coleman then told the ISP official that he would continue to hold Plaintiff for the ISP.

Plaintiff asserts that these events violated *Gerstein v. Pugh*, 420 U.S. 103 (1975), because he did not receive a "prompt" judicial determination of probable cause after being arrested without a warrant. (Doc. 14, p. 9). He states that "warrant information" was filed on May 13, 2021, and

3

"issued to Sergeant Menke" but was not filed with the St. Clair County Clerk until the effective date of May 17, 2021. *Id.* Plaintiff was held at the East St. Louis Police Department until May 14, 2021, when he was booked into the SCCJ and arraigned later that day.[3] *Id.* He claims he was held for over 100 hours[4] from his arrest until his arraignment.

Plaintiff's Parole Violation Report (Doc. 18, pp. 7-8) reflects that he was arrested on May 10, 2021, as a result of a traffic stop. A weapon was found in his vehicle and drugs were found on his person. An IDOC (Illinois Department of Corrections) warrant was issued on May 12, 2021. (Doc. 18, p. 7). He was interviewed on May 13, 2021, and admitted to shooting two individuals, whereupon he was charged with aggravated battery with a firearm in Case No. 21-CF-0076901. The criminal charge and possession of a handgun violated his Mandatory Supervised Release ("MSR") conditions.

Plaintiff takes issue with several of the statements in the Parole Violation Report. He disputes that a "Public Safety Enforcement Group" made a traffic stop, and states that Defendant Menke had been investigating an April 18, 2021, shooting in which he was a suspect. Plaintiff pulled into a parking lot and Menke pulled in behind him; he did not issue Plaintiff a traffic ticket, nor did he have Plaintiff's car towed. (Doc. 18, pp. 2-3). Plaintiff further states that the interview referenced in the report took place on May 10, 2021, not May 13, and that he was not charged with aggravated battery at the conclusion of the interview but was instead placed on a 48-hour hold. He was not charged or arraigned until May 14, 2021, in violation of the requirement for a prompt probable cause determination. (Doc. 18, pp. 4-5).

As relief, Plaintiff seeks monetary damages for each day that he has been incarcerated.

---

[3] The Court takes judicial notice of the fact that May 10, 2021 was a Monday and May 14, 2021 was a Friday.
[4] The time that elapsed between Plaintiff's arrest on the night of May 10, 2021, and his arraignment four days later on May 14, 2021, would be 96 hours or less, depending on the times of his arrest and arraignment.

(Doc. 14, p. 8).

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

> Count 1: Defendants violated Plaintiff's Fourth Amendment right to a prompt probable cause determination, where he was arrested on Monday, May 10, 2021, but was held in custody and not arraigned until May 14, 2021, more than 48 hours later.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[5]

### Count 1

As the Court observed in the Order imposing the stay in this case, Plaintiff appears to equate the right to a judicial determination of probable cause to detain him within 48 hours of his arrest (citing *Gerstein v. Pugh*, 420 U.S. 103 (1975)) with the right to obtain a bail determination at an arraignment within the same time period. However, the probable cause determination and bail hearing are distinct matters. *Mitchell v. Doherty*, 37 F.4th 1277 (7th Cir. 2022). Under *Gerstein*, the Fourth Amendment requires a judicial determination of probable cause for an arrest within 48 hours. *See also County of Riverside v. McLaughlin*, 500 U.S. 44 (1991); *Mitchell*, 37 F.4th at 1279. However, neither the Supreme Court nor the Seventh Circuit has ever stated that a bail hearing must be held within 48 hours after an arrest. *Mitchell*, 37 F.4th at 1279-82 (collecting cases). In *Mitchell*, the *ex parte* judicial determination of probable cause complied with the

---

[5] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

5

*Gerstein* timeline, and the Seventh Circuit found that the bail hearing held within 68 hours of arrest was constitutional. The appellate court did not reach the question of whether a longer detention without a bail hearing would violate the Constitution. *Mitchell*, 37 F.4th at 1289.

In Plaintiff's case, the record does not indicate whether a judicial determination of probable cause was made within the 48 hours following his arrest. His arraignment/bail hearing on May 14, 2021, occurred later than the 68 hours the *Mitchell* court found acceptable. However, the issuance of Plaintiff's parole violation warrant on May 12, 2021, provided independent grounds for holding him in custody.

Before imposing the stay, this Court observed that, in light of *Mitchell* and the fact that Plaintiff's right to remain free from custody was curtailed by the terms of his MSR/parole, the undersigned was not convinced that the First Amended Complaint stated a constitutional claim upon which relief may be granted (Doc. 19, p. 5). Now that Plaintiff's criminal charges in St. Clair County for aggravated battery with a firearm have been resolved by his plea of guilty and subsequent 9-year sentence, the Court can definitively conclude that the First Amended Complaint raises no viable constitutional claim.

The online records of the Illinois Department of Corrections show that Plaintiff's time in custody began on May 10, 2021, consistent with the allegations in the First Amended Complaint.[6] He was admitted to IDOC custody on August 4, 2023, and is projected to be released on parole/MSR from his 9-year sentence on January 4, 2029. Calculating the duration of Plaintiff's custody starting with May 10, 2021, this projected parole date reflects that Plaintiff would serve

---

[6] Individual in Custody Search page, https://idoc.illinois.gov/offender/inmatesearch.html (last visited September 12, 2023). *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

85% of the 9-year sentence before his release.[7] This demonstrates that Plaintiff was given credit toward his sentence for the entire time that he spent in pre-sentencing custody following his arrest.

The Seventh Circuit instructs that "a section 1983 plaintiff may not receive damages for time spent in custody, if that time was credited to a valid and lawful sentence." *Patrick v. City of Chicago*, __ F.4th __, No. 22-1425, 2023 WL 5622075, at *4-5 (7th Cir. Aug. 31, 2023) (quoting *Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017) and citing *Bridewell v. Eberle*, 730 F.3d 672, 677 (7th Cir. 2013)). Like Plaintiff, Patrick sought money damages for a lengthy pretrial detention he claimed was unlawful, but state court records demonstrated the time in custody was credited to his sentence – therefore, he had no compensable injury.

Plaintiff's situation is identical to that in *Patrick*. Plaintiff admits that he pled guilty to the charge in Case No. 21-CF-0076901 and is now serving a 9-year sentence, terminating his state prosecution. Nothing in the record indicates that Plaintiff's sentence or conviction is invalid or unlawful. He was given full credit against that sentence for the time he spent in pretrial custody, including the time that exceeded the original "48-hour hold" that prompted his claim herein. Accordingly, Plaintiff cannot pursue his claim for money damages for the days he was held in custody, even if he was not afforded a prompt probable cause determination. Count 1 and this action will therefore be dismissed.

### DISPOSITION

**IT IS HEREBY ORDERED** that the stay of this case imposed on July 11, 2022 (Doc. 19) is **LIFTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. The Court notes that at the time Plaintiff filed

---

[7] Nine years converted to months equals 108 months; 85% of this comes out to 91.8 months. Plaintiff's projected parole date of January 4, 2029, is 91.8 months after his custody date of May 10, 2021.

this action, it could not be said that he failed to state a viable claim, therefore, the Court does not count this dismissal as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED AS MOOT**. The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."

**IT IS SO ORDERED.**

**DATED:  September 12, 2023**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**